Hillsborough, }
Dec. 3, 1935. }

## Frank Turcotte

*v.*

## Prudential Insurance Company of America.

*Chretien & Craig (Mr. Chretien orally), for the plaintiff.*

*Thorp & Branch (Mr. Branch orally), for the defendant.*

WOODBURY, J. The total and permanent disability clauses contained in the policies themselves provide for the payment of benefits only in the event that the insured shall become disabled "to such an extent that he is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his lifetime." Since, by his own admission, the plaintiff recovered from his disabilities and returned to work on February 15, 1933, he cannot recover under these clauses. He cannot bring his case within their terms because of the admitted fact that his earning power was not destroyed "during the remainder of his lifetime."

The plaintiff does not seriously contest this proposition, but asserts that his case is covered by the "supplementary provisions as to total and permanent disability." He contends that the riders abolish the

requirement of permanency and in substitution provide for the payment of benefits in the event of total, continuous disability for ninety consecutive days. In short, that the riders convert them into health and accident policies.

We are unable to adopt this construction of the riders. Their headings indicate that the provisions therein contained are "supplementary" to the total and permanent disability clauses, not that they are in substitution for those clauses. In support of their stated purpose, the riders expressly provide that their provisions are "subject to all other provisions" of the disability clauses. Furthermore, they provide that total, continuous disability for ninety consecutive days "shall be presumed to be permanent," not that such disability shall be regarded as the equivalent of permanent disability. Had it been the intention of the parties to substitute total disability for the requisite period of time for total and permanent disability it seems inconceivable that words more appropriate for the purpose would not have been used.

Construing the policies as a whole, giving a meaning to all of their words, and taking into consideration the obvious fact that in the early stages of many cases of total disability it is not possible to tell whether the disability will prove to be permanent or not, the meaning of the riders seems clear. Their purpose was "to extend to the assured the benefits of the policy when doubt existed as to whether the disability was permanent," *Mackenzie* v. *Insurance Society*, 251 N. Y. S. 528, in other words, "to secure to the insured the benefits of the policy when there was doubt whether the total disability was permanent." *Grenon* v. *Insurance Co.*, 52 R. I. 456.

In the case at bar the permanence of the plaintiff's disability was finally disproved. He had the benefits provided for in the policies while the question of permanence was still in doubt and that is all that he was entitled to. He had the benefit of the doubt while doubt existed. His eventual recovery put an end to the doubt. It proved conclusively that he was not and never had been, in fact, permanently disabled, and this disposes of the presumption in his favor. The finding of the jury to the effect that his disability continued four months longer than the company contended is, therefore, of no consequence. What is of consequence is that his recovery proved that his disability was temporary.

During the course of the trial the plaintiff made eight offers of proof, all of which were rejected, subject to his exception. The first two were offers to show that both the plaintiff's and defendant's

physicians, when filling out proofs of disability, reported to the company that, in their opinion, the plaintiff's disability was not permanent. The other six had to do with the circumstances surrounding the plaintiff's application for the policies. Specifically, the plaintiff offered to show, first, that he was then unfamiliar with the English language, and second, that he was told by both the assistant superintendent of the company in Manchester, and also by its agent who sold him the policies, that the contracts provided for the payment of benefits if he should become totally disabled for more than ninety consecutive days. These matters had no bearing on the issue submitted to the jury, which was whether or not the plaintiff's total disability lasted as long as he said it did. The offers, therefore, were properly rejected in so far as the trial before the jury was concerned.

Whether the facts set forth in the offers of proof have any bearing on the construction of the policies presents another question. This question of construction was properly undertaken by the court. Although there is authority in this state for the submission of this and other preliminary questions of fact to the jury under appropriate instructions, this authority is of doubtful validity and the practice should be discouraged. Such matters are more effectively handled by the court, as was done in this case, and this procedure is the proper one to follow.

The first two offers of proof were made for the purpose of showing that the company paid benefits to the plaintiff in spite of the information received by it to the effect that his disability was not permanent. The inference sought to be drawn from this is that the company construed its own policies to provide for the payment of benefits in cases of temporary disability if lasting more than ninety consecutive days. This inference does not follow from the facts offered in evidence. The defendant was obligated to pay benefits not only when the plaintiff was, in fact, totally and permanently disabled but also when he was presumptively so disabled. The obligation arose when, after ninety days of total disability, the defendant could not rebut the presumption that the disability was permanent. In spite of the physicians' reports, the defendant may well have been of the opinion that, in the light of all the information available, it was not advisable to undertake to rebut this presumption at that time, and so, in paying the benefits, it was performing its obligation under the riders, not admitting that it was called upon to pay for temporary disability.

The only office of the other offers was to contradict the words of

the policies. They were, therefore, properly excluded under the parol evidence rule.

*Judgment for the defendant.*

BRANCH, J., did not sit: the others concurred.